UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH LeBLANC,**

    **Plaintiff,**

v.                                                         Case No. 8:06-cv-1216-T-TBM

**UNIFUND CCR PARTNERS, G.P.,
et al.,**

    **Defendants.**
    _____/

**O R D E R**

THIS CAUSE is before the court on **Defendants' Motion to Compel Discovery and for Fees and Costs, Motion for a Protective Order, and Motion for an Extension of Time to Complete Discovery** (Doc. 31). By their motion, Defendants Unifund CCR Partners ("Unifund"), Credit Card Receivables Fund, Inc. ("CCRF"), and ZB Limited Partners ("ZB") (collectively, "Defendants") seek an Order compelling Plaintiff to respond more fully to outstanding discovery requests. They further seek an order directing the deposition of Jeffery Shaffer, Unifund's corporate representative, to be conducted in the Southern District of Ohio, where Unifund's corporate offices are located. Defendants also move for an extension of the discovery deadline from September 14 to October 17, 2007, and the dispositive motion deadline from October 17 to November 16, 2007. Plaintiff filed a response in opposition (Doc. 32).

By their motion to compel, Defendants argue that Plaintiff failed to respond fully to Interrogatory Nos. 5, 6, 12, and 23 and Request for Production No. 8. In response, Plaintiff refers to his Supplemental Answers to Interrogatories and Request for Production (Doc. 32, Exh.

A) and argues that these supplemental answers are sufficient and satisfy his discovery obligations.

With respect to Interrogatory Nos. 5 and 6, which seek itemization of damages under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), Plaintiff's supplemental answers expound Plaintiff's claims for statutory damages and punitive damages. In this respect, the responses appear sufficient. However, with regard to actual damages, Plaintiff stated that his damages sought are "for pain, suffering, worry, fear, and embarrassment in an amount which has not been determined as of the date hereof." (Doc. 32-2 at 3). Plaintiff argues that an exact numerical figure for actual damages is unknown prior to the end of discovery and that actual damages is a matter to be determined by the trier of fact.

In determining the sufficiency of this response, the court is guided by Rule 26, since the information sought by this interrogatory essentially seeks the information required to be disclosed under Rule 26(a)(1)(C). Rule 26 provides: "A party must make its initial disclosures based on information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case. . . ." Fed. R. Civ. P. 26(a). Plaintiff should be able to make a good faith estimate of damages and methods of calculations based on the information available at this stage of the litigation while reserving the right to amend his calculation. Moreover, Rule 26(e) provides a duty to supplement prior disclosures and amend discovery responses as appropriate during the course of litigation. See Fed. R. Civ. P. 26(e). Defendant is entitled to such information in order to prepare for any settlement discussions, mediation, and trial of this cause, and Defendant's motion is granted to

the extent that within ten (10) days of the date of this Order, Plaintiff shall provide Defendant with a sum reflecting the amount of damages that he seeks for his actual damages. In other respects, the motion is denied.

Regarding Interrogatory No. 12, which concern Plaintiff's allegations in Paragraph 11(a) of the Complaint that the debt sought was overstated, Plaintiff clarifies that he is the only witness supporting his contention and that he bases his allegations on his own knowledge and memory regarding the account. Plaintiff supplemented his response to indicate that "all documents which would reflect the incorrectness of the debt balance claimed by the defendants are in the possession of the defendants." (Doc. 32-2 at 3). Upon consideration, this general reference to documents in the possession of the Defendants is insufficient. Although Rule 33(d) provides the option of responding to an interrogatory by producing business records, the rule requires that the answer

> specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts, or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Fed. R. Civ. P. 33(d). As requested by the interrogatory and consistent with this rule, the Plaintiff should identify specific documents that are responsive to the interrogatory. Accordingly, within ten (10) days of the date of this Order, Plaintiff shall supplement his response to specifically identify those documents responsive to this interrogatory.

Plaintiff stands by his original response to Interrogatory No. 23, which concerns Plaintiff's past involvement, if any, in prior claims and lawsuits. As grounds for seeking such information, Defendants argue that both the FDCPA and FCCPA allow defendants to recover attorney's fees in the event the plaintiff filed the lawsuit in bad faith. Additionally, given Plaintiff's claims of emotional distress, Defendants contend that they seek to discover all other possible sources of Plaintiff's emotional stress. Finally, Defendants indicate that they seek to discover matter concerning Plaintiff's veracity, since the claim for damages will be based on Plaintiff's own "self awareness." In response, Plaintiff cites to Hynes v. Coughlin, 79 F.3d 285 (2nd Cir. 1996), and Lanham v. Whitfield, 805 F.2d 970 (11th Cir. 1986), for his position that a consumer's prior litigation involvement is irrelevant in consumer protection actions. Each of these cases, however, were brought pursuant to § 1983 and involved the trial admissibility of evidence of prior claims or litigation. Given the liberal breadth of discovery under Rule 26, the motion is granted to the extent that Plaintiff shall, within ten (10) days of this Order, supplement his response to the interrogatory by identifying any civil lawsuits in which he was a plaintiff during the ten years preceding the filing of this suit. In other respects the motion is denied.[1]

With respect to Request for Production No. 8, Plaintiff's answer and supplemental answer appear to be complete responses with respect to the request for diaries or calendars. As to emails between Plaintiff and his counsel, to the extent that Plaintiff asserts that they are protected from disclosure by the attorney-client privilege or the work product doctrine, Plaintiff shall so state expressly and produce a privilege log as required by Rule 26(b)(5)(A).

---

[1] This order requiring disclosure of such information is in no way a ruling on the admissibility of such evidence, if any, at trial.

Defendants also seek a protective order requiring Plaintiff to conduct the deposition of Jeffery Schaffer, Unifund's 30(b)(6) corporate representative, in the Southern District of Ohio, where Unifund's corporate office is located and where Mr. Schaffer works and resides.  As a general rule and presumption, a non-resident corporate defendant should be deposed in its principal place of business, since the plaintiff is the party who brings the lawsuit and selects the forum.[2]  This presumption may be overcome upon a showing of various factors, including the location of counsel for the parties, the number of corporate representatives a party is seeking to depose, whether the deponents often travel for business purposes, and the equities regarding the nature of the claim and relationship of the parties, and the financial burden on the corporation designating the representative.  See Cadent, 232 F.R.D. at 628-29.  Plaintiff argues that because Defendant has "done business" in this district, Defendants should be required to appear in this district at least once in accordance with Local Rule 3.04(b), which provides, "[I]t is the general policy of the Court that . . . a non-resident defendant who intends to be present in person at trial may reasonably be deposed at least once in this District either during the discovery stages of the case or within a week prior to trial as the circumstances seem to suggest."  M.D. Fla. R. 3.04(b).

---

[2] A number of decisions from other jurisdictions supports this general rule.  See, e.g., Sheehy v. Ridge Tool Co., No. 3:05-CV-01614 (CFD) (TPS), 2007 WL 1548976, at *2 (D. Conn. May 24, 2007); Kuest Corp. v. Airtrol, Inc., No. CIVASA06CV0402OG, 2006 WL 3592941, at *1 (W.D. Tex. Dec. 8, 2006); GFSI, Inc. v. J-Loong Trading, Ltd., No. 05-2302-KHV-DJW, 2006 WL 2403103, at *1 (D. Kan. Apr. 18, 2006); Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625 (C.D. Cal. 2005) (quoting Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2112 at 84-85 (1994 rev.)); McDougal-Wilson v. Goodyear Tire & Rubber Co., 232 F.R.D. 246, 249 (E.D.N.C. 2005); Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537, 541 (D. Minn. 2003).

Notwithstanding this Local Rule, which is expressly provided as "guidance to counsel," id., in this instance, Plaintiff has not rebutted the presumption that the 30(b)(6) deposition should take place at Unifund's principal place of business. In order to save costs for all involved, it is recommended that the parties cooperate on an alternative to conducting this deposition in Ohio and agree to conduct the deposition by telephone or other electronic means. In such event, Plaintiff remains responsible for recording the deposition in accordance with the applicable Federal Rules.

As to Defendants' request for an extension of the discovery and dispositive motion deadlines, Plaintiff does not object to the request. Accordingly, the motion is granted, and the discovery deadline is extended to October 17, 2007, and the dispositive motion deadline is extended to November 16, 2007.

Finally, to the extent Defendant seeks an award of attorney's fees and costs associated with the motion, the request is denied.

Accordingly, it is **ORDERED** that **Defendants' Motion to Compel Discovery and for Fees and Costs, Motion for a Protective Order, and Motion for an Extension of Time to Complete Discovery** (Doc. 31) are **GRANTED in part** and **DENIED in part** as set out herein. Defendant's motion for leave to file a reply (Doc. 33) is **DENIED as moot**.

**Done and Ordered** in Tampa, Florida, this 23rd day of August 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record