**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION -** *Filed Electronically*

| | | |
|---|---|---|
| JOSEPH LeBLANC, | ) | Case No. 8:06-CV-01216-T-TBM |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANTS' MOTION FOR** |
| | ) | **SUMMARY JUDGMENT AND** |
| UNIFUND CCR PARTNERS, G.P.; | ) | **MEMORANDUM IN SUPPORT, AND** |
| "CREDIT CARD RECEIVABLES FUND"; | ) | **MEMORANDUM IN OPPOSITION TO** |
| "ZB LIMITED PARTNERS," | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **PARTIAL SUMMARY JUDGMENT** |
| Defendants. | ) | **(DISPOSITIVE MOTION)** |
| | ) | |

Pursuant to Rule 56, Fed. R. Civ. P., Defendants Unifund CCR Partners ("Unifund"),

Credit Card Receivables Fund, Inc. ("CCRF") and ZB Limited Partners ("ZB") (collectively,

"Defendants"), by and though their undersigned counsel, hereby move this Court for Summary

Judgment on all claims filed by the Plaintiff, Joseph LeBlanc ("Mr. LeBlanc").  The grounds for

this Motion and Defendants' Response to Mr. LeBlanc's Motion for Partial Summary Judgment

(Doc. No. 36) are set forth below.

### I.      Introduction

Mr. LeBlanc's action against the Defendants arose from one letter which Unifund, and

only Unifund, sent to Mr. LeBlanc on November 8, 2005, in an effort to collect money Mr.

LeBlanc owed on an outstanding credit card account (the "Letter").  Mr. LeBlanc originally

alleged that due to a typographical error, the Letter violated the Fair Debt Collection Practices

Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").  In his Motion

for Summary Judgment, however, Mr. LeBlanc has abandoned those claims due his unfavorable

deposition testimony.  In a final attempt to salvage any claim against Defendants, Mr. LeBlanc

has now moved for partial summary judgment on liability.

Each of Mr. LeBlanc's arguments for summary judgment fail and Defendants are entitled to summary judgment on all claims asserted against them as a matter of law. Contrary to Mr. LeBlanc's assertion, Unifund did not violate Section 1692e(2)(A) because the FDCPA permits a debt collector to seek collection of a debt without the immediate means to prove the debt, and a debt collector is entitled to rely on information supplied to it from the original creditor. Moreover, Unifund did not violate Section 1692e(3) because even the least sophisticated consumer could <u>not</u> conclude that Unifund falsely implied attorney involvement based upon the language of the Letter. Finally, Unifund did not violate Sections 1692e(5) or 1692e(10) because Florida courts have already held that a debtor cannot circumvent Florida's statutory scheme and registering is not a prerequisite to initiating collection. Thus, Mr. LeBlanc has no private right of action for failing to register under Florida Statute § 559.553.

Because Unifund did not violate the FDCPA, CCRF and ZB, Unifund's general partners, likewise did not violate the FDCPA. Moreover, regardless of Unifund's liability, as a matter of law, CCRF and ZB are entitled to summary judgment on all FDCPA claims because they are not debt collectors and did not engage in an act or omission the FDCPA prohibits.

Because Defendants did not violate any provision of FDCPA, Defendants also did not violate the "piggy-back" claims Mr. LeBlanc asserted under the FCCPA. Therefore, as a matter of law, this Court should grant summary judgment in favor of Defendants on all of Mr. LeBlanc's claims, and this Court should deny Mr. LeBlanc's own motion for partial summary judgment.

## II.        Statement of Undisputed Material Facts

There are no disputed issues of fact in this case. Accordingly, this Court is faced with the purely legal issue of whether the language contained within the single Letter from Unifund to

Mr. LeBlanc violated the FDCPA and FCCPA.   For purposes of providing the Court with context for this litigation, Unifund hereby supplements the facts set forth by Mr. LeBlanc.

## A.   The Defendants

Unifund is a general partnership with two general partners:  (1)  CCRF; and (2)  ZB.[1] Unifund is engaged in the business of purchasing and liquidating charged off debt.[2]   As general partners, CCRF and ZB are not debt collectors because they do not  in any way participate in the collection of debt, nor do they participate in the day-to-day activities of Unifund.[3]

## B.   Mr. LeBlanc's Undisputed Debt With Bank One

Mr. LeBlanc does not dispute that on or about February 20, 2002, he opened a National Association of Realtors Visa Credit Card through First USA Bank, a predecessor to Bank One Delaware, N.A. ("Bank One") with Account No. 4417129736239563 (the "LeBlanc Account").[4] According to Mr. LeBlanc, he amassed approximately $11,000 in debt on that credit card, often taking out cash on the credit card through an "informal agreement" with Palma Ceia Liquors.[5] Although Mr. LeBlanc recognized that he was obligated to make payments on the LeBlanc Account, he ceased fulfilling his obligations after February 27, 2003 because he "was just unable to make payments."[6]   Consequently, on September 30, 2003, Bank One charged off Mr. LeBlanc's credit card account.[7]

---

[1]  Answer to Am. Compl. (Doc. No. 24-2) at ¶ 7; Deposition of Jeffrey Shaffer ("Shaffer Depo.") at p. 9, attached hereto as Exhibit A.
[2]  Exhibit A, Shaffer Depo. at pp. 14-15.
[3]  Id. at 14-15, 55.
[4]  Deposition of Joseph LeBlanc ("LeBlanc Depo.) at p. 20, attached hereto as Exhibit B.
[5]  Id. at 27, 32-33, 77; see also Billing Statements attached as Tab 1 to the Affidavit of Joseph N. Tucker, Esq. (the "Tucker Aff."), attached hereto as Exhibit C.)
[6]  Id. at 31; Unifund's Response to Interrog. No. 6, attached as Tab 2 to Tucker Aff.
[7]  Unifund's Response to Interrog. No. 6; Charge Off Statement attached as Tab 3 to Tucker Aff.

**C.    Unifund Purchased The LeBlanc Account From Bank One.**

On or about August 23, 2004, Unifund purchased the LeBlanc Account from Bank One.[8] In connection with this purchase, Unifund received an electronic transmission of data from Bank One that set forth the relevant account information for the LeBlanc Account, including but not limited to the date the LeBlanc Account was opened, the charge off date, the date of last payment, the balance purchased, and the interest rate, among other data.[9] Unifund imported that account data into its system.[10] Bank One further provided Unifund with a charge off statement and an Affidavit verifying the debt associated with the LeBlanc Account.[11] As permitted under the applicable law discussed below, Unifund relied on Bank One for the accuracy of the account information.[12]

On November 8, 2005, Unifund's Legal Department sent the form Letter to Mr. LeBlanc detailing his account specific information and requesting payment of his debt.[13] The Letter notified Mr. LeBlanc that Unifund had purchased his delinquent account from Bank One, and the Letter set forth the correct account number for the LeBlanc Account. The Letter advised Mr. LeBlanc of his right to dispute the debt and set forth Unifund's options with respect to collection of the LeBlanc Account:

> If we are unable to resolve this issue within 35 days we may refer this matter to an attorney in your area for legal consideration. If suit is filed and if judgment is rendered against you, we will collect payment utilizing all methods legally available to us, subject to your rights below.[14]

---

[8] Shaffer Depo. at pp. 26-27; Bill of Sale attached as Tab 4 to Tucker Aff.
[9] *Id.* at pp. 28-29; Original Account Data attached as Tab 5 to Tucker Aff.
[10] *Id.* at 28-29; Account Debtor Screen attached as Tab 6 to Tucker Aff.
[11] *Id.* at p. 29; *see also* Charge Off Statement; Affidavit of Chase Bank attached as Tab 7 to Tucker Aff.
[12] Shaffer Depo. at pp. 31-32.
[13] LeBlanc Depo. at p. 47; Letter of 11/8/05 from Unifund to LeBlanc attached as Tab 8 to Tucker Aff.
[14] *Id.*

On the back of the Letter, Unifund set forth a Privacy Statement explaining Unifund's policy to protect consumers' privacy.  The letter explicitly stated:  "This communication is from a debt collector."[15]

All of Mr. LeBlanc's allegations against Defendants in this action are based upon his receipt of this one Letter.[16]  According to Mr. LeBlanc, when he received the Letter, he matched the account number on the letter to the account number on his billing statements and understood the Letter was an attempt to collect on the LeBlanc Account.[17]  Mr. LeBlanc admits that the Letter does not mention CCRF or ZB, and neither CCRF nor ZB has ever communicated with Mr. LeBlanc in any manner.[18]   Mr. LeBlanc further admits that CCRF and ZB have never threatened to disclose personal or private information, and they have never made any representations to Mr. LeBlanc regarding the character, amount, or legal status of his debt.[19] Moreover, Mr. LeBlanc admits that neither CCRF nor ZB has ever communicated with him to imply that they were an attorney.[20]  In fact, Mr. LeBlanc admits that CCRF and ZB never took any action whatsoever to collect on his debt.[21]

**D.     Mr. LeBlanc Sued Unifund Based Solely Upon The Letter.**

On July 10, 2006, Defendants were served with Mr. LeBlanc's lawsuit alleging that Defendants violated the FDCPA and the FCCPA.  In his Motion for Partial Summary Judgment, Mr. LeBlanc has alleged three specific violations of the FDCPA against Defendants, all of which arise out of the one collection Letter from Unifund:  (1) violation of 15 U.S.C. § 1692e(2)(A) for

---

[15] *Id.*
[16] LeBlanc Depo. at 51-52.
[17] *Id.* at pp. 60-64.
[18] *Id.* at pp. 54-55.
[19] *Id.* at 55-56.
[20] *Id.* at 56.
[21] *Id.* at 57.

the alleged false representation of the character, amount or legal status of a debt; (2) violation of

15 U.S.C. § 1692e(3) for allegedly implying attorney involvement when their was none; and (3)

violation of 15 U.S.C. §§ 1692e(5) and 1692e(10) for allegedly threatening to take an action that

could not legally be taken or was not intended to be taken.[22]  Mr. LeBlanc also alleges that, to

the extent that Defendants violated the FDCPA, they also violated the FCCPA pursuant to

Florida Statute § 559.552.[23]

Mr. LeBlanc bases his claims entirely upon the language contained within Unifund's

single Letter to Mr. LeBlanc. According to Mr. LeBlanc, Defendants violated Section

1692e(2)(A) because, "[w]hen Unifund made its demand for payment, it only had second hand

documents from the original creditor to attempt to prove its debt" and it had "no documents from

any source bearing the signature of the plaintiff."[24]  Further, according to Mr. LeBlanc, Unifund

violated Section 1692e(3) because: (1) the Letter stated that Unifund "may refer this matter to an

---

[22]  Pl.'s Am. Compl. at ¶ 11; Pl.'s Memorandum in Support at pp. 9-10. Mr. LeBlanc has apparently abandoned three of his original claims. In his Amended Complaint Mr. LeBlanc alleged Defendants: (1) violated 15 U.S.C. § 1692f by using "unfair or unconscionable means" to attempt to collect a debt because Unifund attempted to collect an amount not authorized by Mr. LeBlanc's credit card agreement and statements; (2) violated Section 1692d because it sought to "engender alarm and confuse" Mr. LeBlanc by including a typographical error and an abbreviation in the Letter, "thus giving rise to the natural consequence of harassing, oppressing and abusing in connection with the collection" of a debt; and (3) violated the FCCPA, Fla. Sta. § 559.72, because Defendants were not registered under Fla. Sta. § 559.553(1), and the Letter constituted harassment and threatened a right which did not exist. (Pl.'s Am. Compl. at ¶¶ 9(c), 12, 16.)
Even if not abandoned, however, Unifund is still entitled to summary judgment on these claims. As to the original claim under section 1692f, Mr. LeBlanc admitted in his deposition the accuracy of the credit card statements and admitted that he owed the amounts due. (*See*, LeBlanc Depo. at pp. 27-33).
As to the claim for a violation Section 1692d, Mr. LeBlanc also admitted that he was not even subjectively confused by the typographical error and abbreviation in the Letter. (LeBlanc Depo. at pp. 60-64.) Moreover, Unifund's Vice-President of Legal Operations clarified that the typographical error in the Letter was simply a "computer glitch" where a "special character" was inserted rather than a space. (Shaffer Depo. at pp. 8, 22.) Obviously, the typographical error was "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).
Finally, as to the claims under FCCPA, Fla. Sta. § 559.72, as a matter of law the Letter was not a harassing communication because the Letter was the *only* communication with Mr. LeBlanc and its contents do not violate the statute. *See Story v. J.M. Fields, Inc.*, 343 So.2d 675, 677-678 (Fla. Dist. Ct. App. 1977). Furthermore, the debt Mr. LeBlanc owed was legitimate, and pursuant to Fla. Sta. § 559.553, Unifund is not required to register and the statute does not give Mr. LeBlanc a private cause of action against Defendants. *See*, cases cited *infra*, pp. 18-22.
[23]  Pl.'s Am. Compl. at ¶ 16; Pl.'s Memorandum in Support at pp. 16-17.
[24]  Pl.'s Memorandum in Support at p. 9.

attorney in your area for legal consideration," and "if suit is filed, and if judgment is rendered against you, [Unifund] will collect payment utilizing all methods legally available to us, subject to your rights below;" and (2) the Letter closed with the valediction "Unifund Legal Department."[25] Finally, according to Mr. LeBlanc, Unifund violated Section 1692e(5) and (10) by attempting to collect a consumer debt in the state of Florida without "having registered with the state Office of Financial Regulation as required by Fla. Stat. § 559.553(1)."[26]

The only basis for which Mr. LeBlanc alleges CCRF and ZB are liable is "by virtue of their being general partners of Unifund."[27]   Finally, Mr. LeBlanc alleges Defendants violated the FCCPA, Fla. Stat. § 559.552, because Defendants ostensibly violated the FDCPA.[28]

### III.    The Least Sophisticated Consumer Standard.[29]

The Eleventh Circuit has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under the 15 U.S.C. § 1692e. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).  This standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by a debt collector's practices.  *Kuehn v. Cadle Co., Inc.*, No. 5:04-cv-432, 2007 WL 1064306, at *4 (M.D. Fla.).  Although the standard is intended to protect the public in general, "even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).)  In other words, the least sophisticated consumer standard "contemplates at least a minimal level of sophistication and reasonableness excluding 'bizarre and idiosyncratic'

---

[25] *Id.* at pp. 9-10.
[26] *Id.* at pp. 10-11.
[27] *Id.* at p. 3.
[28] *Id.* at p. 16-18.
[29] Defendants do not dispute the summary judgment standard set forth in Mr. LeBlanc's Memorandum in Support at pages 4 through 6, and Defendants incorporate that summary judgment standard herein by reference.

interpretations" of a letter. *Law Offices of David J. Stern, P.A. v. Martinez (In re Martinez)*, 271 B.R. 696, 701 (S.D. Fla. 2001) (quoting *Wilson v. Quadramed*, 225 F.3d 350, 354-355 (3d Cir. 2000).) Thus, courts interpret the least sophisticated consumer standard in a way that "protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Kuehn*, 2007 WL 1064306, at *4 (quoting *Clomon*, 988 F.2d at 1314.)

## IV.   Argument

Even under the least sophisticated consumer standard, neither the FDCPA nor the FCCPA will support Mr. LeBlanc's absurd interpretation of the Letter.  Therefore, the Court should grant summary judgment in favor of Defendants on all of Mr. LeBlanc's claims, and the Court should deny Mr. LeBlanc's own motion for partial summary judgment.

**A.   Unifund Is Entitled To Summary Judgment On All Of Mr. LeBlanc's FDCPA Claims.**
**1.     As A Matter Of Law, Unifund Did Not Violate Section 1692e(2)(A).**

A collection letter violates Section 1692e(2)(A) only if a consumer establishes that the letter "falsely represent[ed]" the "character, amount, or legal status of any debt." Here, Mr. LeBlanc alleges Defendants violated Section 1692e(2)(A) because, "[w]hen Unifund made its demand for payment, it only had second hand documents from the original creditor to attempt to prove its debt" and it had "no documents from any source bearing the signature of the plaintiff."[30]   Mr. LeBlanc has failed to set forth any case law in support of this argument.  As set forth below, as a matter of law, Mr. LeBlanc's allegations are insufficient to establish a violation of Section 1692e(2)(A) for at least two reasons.

First, Mr. LeBlanc's allegations are insufficient to establish a violation of Section 1692e(2)(A) because the FDCPA permits a debt collector to seek collection of a debt without the

---

[30] Pl.'s Memorandum in Support at p. 9.

immediate means to prove the debt. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 333 (6th

Cir. 2006)(a debt may be properly pursued in court, even if the debt collector does not yet

possess adequate proof of its claim). In fact, in *Clark v. Unifund CCR Partners*, No. 07cv0266,

2007 WL 1258113 (W.D. Pa.), a court rejected the very same argument that Mr. LeBlanc now

advances. In *Clark*, a consumer alleged that Unifund and its collection counsel violated Section

1692e(2)(A) by filing a collection action without possessing "documentation of the debt," other

than an affidavit. *Id.* at *3. The court dismissed the consumer's complaint and held that the

consumer's claim that Unifund's collection counsel made false, deceptive or misleading

representations by attaching an affidavit to the collection complaint, without attaching further

documentary evidence of the debt, was insufficient to make out a claim under the FDCPA. *Id.*

Likewise, in *Harvey*, a consumer alleged that a debt collector violated the FDCPA "by

filing a lawsuit to collect on a purported debt without the means of proving the existence of the

debt, the amount of the debt, or that [the debt collector] owned the debt." 453 F.3d at 330. The

Sixth Circuit affirmed a district court's dismissal of the consumer's claims. *Id.* The court stated,

"even when viewed from the perspective of an unsophisticated consumer, *the filing of a debt

collection lawsuit without the immediate means of proving the debt* does not have the natural

consequence of harassing, abusing, or oppressing a debtor." *Id.* (emphasis added). The court

further reasoned that the consumer did not deny in her complaint that she owed the debt or allege

that the defendants had misstated or misrepresented the amount of the debt. The court concluded

that "a debt may be properly pursued in court, even if the debt collector does not yet possess

adequate proof of its claim." *Id.* at 332-333.

Similarly, in *Davis v. NCO Portfolio Mgmt., Inc.*, No 1:05cv734, 2006 WL 290491 (S.D. Ohio), a consumer brought an action alleging that a debt collector and its attorneys "violated the FDCPA by filing a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that [the debt collector] owned the debt." *Id.* at *1. The court granted the defendants' motion to dismiss for failure to state a claim upon which relief could be granted. *Id.* at *4. The court noted that the plaintiff had not alleged that anything in the collection complaint was false. Instead, "[s]he essentially allege[d] that more of a paper trail should have been in the lawyers' hands or attached to the complaint. The FDCPA imposes no such obligation." *Id.* at *3; *see also Deere v. Javitch, Block & Rathbone LLP*, 413 F. Supp.2d 886, 891 (S.D. Ohio 2006) (dismissing a consumer's complaint because "filing a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt, is not a false representation about the character or legal status of a debt" and a consumer in a collection lawsuit may request additional information about a debt collector's claims through formal pleadings or discovery).

Like the consumers in *Clark*, *Harvey*, *Davis*, and *Deere,* Mr. LeBlanc has failed to establish an actionable claim for violation of Section 1692e(2)(A). As a matter of law, Unifund is not required to possess documents bearing a debtor's signature in order to lawfully send the Letter seeking collection of a debt. Moreover, like the consumers in *Harvey* and *Davis*, Mr. LeBlanc no longer alleges that the Letter contained false statements or that he did not owe the debt. In fact, Mr. LeBlanc admitted he was obligated to pay the debt.[31] Mr. LeBlanc simply argues that Unifund did not have a sufficient "paper trail" before sending the Letter. As set forth above, the FDCPA imposes no such obligation.

---

[31] *See*, LeBlanc Depo. at pp. 27-33.

Second, Mr. LeBlanc's allegations are insufficient to establish a violation of Section 1692e(2)(A) because a debt collector is entitled to rely on information supplied to it from the original creditor concerning the debt. *E.g. Cooper v. Litton Loan Servicing (In re Cooper)*, 253 B.R. 286, 292 (Bankr. N.D. Fla. 2000) ("A debt collector may rely on the representation and implied warranty from its client that the amount claimed was due. The FDCPA does not require an independent investigation of the information provided by clients when a debt collector tries to collect a debt, nor does it require the debt collector to dispute the creditor's construction of a contract"); *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997) (finding attorneys are not required to investigate the basis for charges on an account referred for collection by a client); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992) (finding that a debt collector and an attorney to whom the debt collector referred an account were entitled to rely on data supplied by the original creditor as accurate without having to conduct an independent investigation).

Here, it is undisputed that Unifund relied on Bank One for the accuracy of the account information.[32] On or about August 23, 2004, Unifund purchased the LeBlanc Account from Bank One.[33] In connection with this purchase, Unifund received an electronic transmission of data from Bank One that set forth the relevant account information for the LeBlanc Account, including but not limited to the date the LeBlanc Account was opened, the charge off date, the date of last payment, the balance purchased, and the interest rate, among other data.[34] Unifund imported that account data into its system.[35] Bank One further provided Unifund with a charge

---

[32] Shaffer Depo. at pp. 31-32.
[33] *Id.* at pp. 26-27; Bill of Sale.
[34] Shaffer Depo. at pp. 28-29; Original Account Data.
[35] Shaffer Depo. at 28-29; Account Debtor Screen.

off statement and an Affidavit verifying the debt associated with the LeBlanc Account.[36] Unifund sent the Letter to Mr. LeBlanc based upon the information received from Bank One.[37] As set forth in *Cooper*, *Jenkins*, and *Smith*, the FDCPA permits Unifund to rely on account information that it receives from the original creditor in order to attempt to collect a debt. Thus, as a matter of law, Unifund did not violate Section 1692e(2)(A) by sending the Letter to Mr. LeBlanc. Accordingly, the Court should grant Defendants' motion for summary judgment on Mr. LeBlanc's Section 1692e(2)(A) claim and deny Mr. LeBlanc's motion for partial summary judgment.

### 2.   As A Matter Of Law, Unifund Did Not Violate Section 1692e(3).

A collection letter violates Section 1692e(3) only if a consumer establishes that a debt collector falsely represents or implies that an "individual is an attorney or that a communication is from an attorney." Here, Mr. LeBlanc alleges that Defendants violated Section 1692e(3) because: (1) the Letter stated that Unifund "may refer this matter to an attorney in your area for legal consideration," and "if suit is filed, and if judgment is rendered against you, [Unifund] will collect payment utilizing all methods legally available to us, subject to your rights below;" and (2) the Letter closed with the valediction "Unifund Legal Department."[38] As set forth below, as a matter of law, Mr. LeBlanc's allegations are insufficient to establish a violation of Section 1692e(3) because even the least sophisticated consumer could not conclude that Unifund falsely implied attorney involvement based upon the language of the entire Letter.

Mr. LeBlanc cites to only one case in support of his argument that Unifund violated Section 1692e(3) by falsely implying attorney involvement--*Brown v. Card Serv. Ctr.*, 464 F.3d

---

[36] *Id.* at p. 29; Charge Off Statement;  Affidavit of Chase Bank.
[37] *Id.* at pp. 28-29.
[38] Pl.'s Memorandum in Support at pp. 9-10.

450 (3d Cir. 2006). In *Brown*, a consumer brought an action against a debt collector alleging that a collection letter violated Section 1692e(5), not Section 1692e(3) as Mr. LeBlanc alleges, which prohibits the threat to take legal action that is not intended to be taken. In *Brown*, the debt collector stated that unless payment arrangements were made within a specified time, the case could be referred to an attorney and suit could be filed. *Id.* at 451. The Third Circuit reasoned that, because the consumer alleged that the debt collector historically had not referred debts to its attorney for prosecution but, instead, only referred debts to another collection agency, the consumer stated a claim for violation of Section 1692e(5). *Id.* at 455.

As a federal court judge in the Eastern District of Pennsylvania recently held, however, the letter in the *Brown* case is easily distinguishable from the Letter in the instant case. In *Rosenau v. Unifund Corporation*, No. 06-cv-1355, 2007 WL 1892888, at *3 (E.D. Pa.) (attached hereto as Exhibit D), the federal district court interpreted the very same collection letter which Mr. LeBlanc attacks in this litigation and held it was not violative of the FDCPA. In *Rosenau*, a consumer brought an action against Unifund on behalf of himself and all others similarly situated, alleging that Unifund sent him a collection letter that was misleading in violation of Section 1692e(3) because it suggested an attorney wrote or reviewed the letter. *Id.* at *2. The Eastern District of Pennsylvania federal court reviewed the language in this very same form Letter and noted that the consumer essentially asked "this Court to take the valediction '"Unifund Legal Department' out of context and infer that the least sophisticated debtor would believe this letter came from, or was reviewed by, an attorney." *See id.* at *1-*2.

The *Rosenau* court rejected the consumer's argument and distinguished the holding in *Brown* and held the consumer's reading of the Unifund letter was not reasonable. The *Rosenau*

court then granted Unifund's motion for summary judgment concluding that even the least sophisticated consumer could not consider the collection letter to have been written or reviewed by an attorney for at least two reasons: (1) the letter stated that Unifund "may refer this matter to an attorney in your area for legal consideration;" and (2) the letter noted "[t]his is a communication from a debt collector." *Id.* The court reasoned that, based upon the plain language of the letter, it is clearly from "a debt collector, not legal counsel." Further, the letter states that the matter would only be referred to an attorney if the consumer failed to comply with Unifund's demands within 35 days, which clearly means that the matter had *not* yet been referred to an attorney. *Id.* The court concluded that "there are no other reasonable interpretations, and therefore the letter is not false, deceptive, or misleading." *Id.*[39]

*Brown* is also not applicable to the instant case because the holding in *Brown* was based on the violation of Section 1692e(5) which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken. To the contrary, in this litigation, Mr. LeBlanc alleges that the disputed language violates Section 1692e(3). In other words, Mr. LeBlanc does not allege the same theory of liability advanced by the consumer in *Brown* and,

---

[39]   Mr. Shaffer testified in his deposition that Unifund has many departments, one of which is the "Legal Department." (Shaffer Depo., p 13).   The legal department has 6 or 7 employees who handle all of the communication between Unifund and its outside collection counsel network. *Id.* at pp. 34-37.

therefore, the analysis in *Brown* is irrelevant.[40]

The court's holding in *Rosenau* that Unifund's collection Letter does not violate Section 1692e(3) is consistent with voluminous case law interpreting that same provision of the FDCPA. For example, in *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, No. 3:05CV7238, 2007 U.S. Dist. LEXIS 1925 (N.D. Ohio), a debt collector sent a collection letter to a consumer printed on "Law Offices of Michael P. Margelefsky, LLC" letterhead, and containing the address and telephone number of the debt collection business. *Id.* at *2. The consumer brought suit against the debt collector alleging that the letter violated Section 1692e(3) because the name of the collection agency was "Law Offices of Michael P. Margelefsky, LLC," the notice was on "Law Offices of Michael P. Margelefsky, LLC" letterhead, and the law practice and the collection business operated out of the same office, among other reasons. *Id.* at *6. The court granted summary judgment in favor of the debt collector because, among other reasons, the

---

[40] Mr. LeBlanc's decision to attack the language of the Letter under Section 1692e(3) rather than Section 1692e(5) was likely based upon the fact that courts have developed a large body of case law holding that language in a collection letter similar to language in Unifund's Letter does not violate Section 1692e(5). *See Madonna v. Academy Collection Serv., Inc.*, No. 3:95CV00875, 1997 U.S. Dist. LEXIS 13315, at *6-*7 (D. Conn.) (where a debt collector sent three letters informing the debtor that "[o]ur client may choose to pursue legal and the final letter stated "it is our intent to close our files and inform our client that you have refused to cooperate," the court held that the letters' references to legal action were not threats to pursue litigation but, rather, merely communicated that litigation was one possible course of action); *Smith v. Transworld Sys., Inc.*, No. C-3-96-166, 1997 U.S. Dist. LEXIS 23775, at *10 (S.D. Ohio) (where the court held that a collection letter containing the words "further collection procedures," "legally due," "protracted and unpleasant collection effort," "litigation," "legal action," "court costs," "attorneys' fees," "court action," "judgment," "garnishment," "execution," "voluntary settlement," and "no defense to this claim," did not violate Section 1692e(5) because "those words and phrases, read in the context in which they appear in collection letters, do not establish, as a matter of law, that the Defendants threatened imminent legal action against the Plaintiff."); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 178 (W.D. N.Y. 1988) (holding language in a collection letter that "legal action may be necessary in order to collect this bill" did not violate Section 1692e(5) because "even an unsophisticated person would realize this statement to mean that because he has allowed his debt to remain unpaid, a suit may be brought to collect the amount owed"); *Knowles v. Credit Bureau of Rochester*, No. 91-CV-14S, 1992 U.S. Dist. LEXIS 8349, at *3, *6 (W.D. N.Y.) (holding language in a collection letter stating "failure to pay will leave our client no choice but to consider legal action" did not violate Section 1692e(5) because "[a]t most, the language at issue here threatened that the creditor will have to consider legal action[.]"). Therefore, even if Mr. LeBlanc alleged that the language in the Letter violated Section 1692e(5), which he does not, such an allegation likewise could not survive summary judgment.

notice clearly stated it was from a "debt collector" and the law firm letterhead was not determinative. *Id.*

Similarly, in *Rumpler v. Philips & Cohen Assocs.*, 219 F. Supp.2d 251, 257 (E.D. N.Y. 2002), an executive vice-president of a debt collection company sent a collection letter to a consumer, and signed his name with the term "Esq." *Id.* at 253. The debtor brought suit under the FDCPA, alleging that the debt collector falsely represented that the communication was from an attorney. *Id.* at 256. The court granted the debt collector's motion to dismiss (or, alternatively, motion for summary judgment), and held that no reasonable trier of fact could conclude that the term "Esq." was equivalent to a claim of being an attorney. *Id.; see also Zaborac v. Phillips & Cohen Assocs., Ltd.*, 330 F. Supp.2d 962, 969-970 (N.D. Ill. 2004) (dismissing a consumer's claim for violation of Section 1692e(3) where a collection letter was signed by "Adam S. Cohen, Esq." from "Phillips & Cohen Associates, Ltd.," because the consumer could not establish that an unsophisticated consumer would find the use of those terms confusing); *Troy v. Phillips & Cohen Assocs., Ltd.*, No. 02C7147, 2003 U.S. Dist. LEXIS 15593, at *10-*13 (granting a debt collector's motion for summary judgment on a consumer's Section 1692e(3) claim and noting that "[t]o conclude that consumers could get the false impression that debt collection letters are communications from an attorney, the combination of an attorney's letterhead as well as his signature on the collection letters is needed").

Additionally, in *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp.2d 336 (E.D. N.Y. 2002) the court granted a law firm's motion to dismiss a Section 1692e(3) claim. *Id.* at 341-342.   In that case, the law firm sent a debt collection letter to a consumer on law firm stationary directing the debtor to call "Mr. DeGaetano," a non-lawyer

employee of the law firm. *Id.* at 337. The consumer brought an action against the debt collector, alleging that the letter was in violation of Section 1692e(3) because it falsely implied that Mr. DeGaetano was an attorney. *Id.* The court held that the letter did not violate Section 1692e(3) and that the letter did not imply to the least sophisticated consumer that Mr. DeGaetano was an attorney. *Id.* at 341. The letter did not give his title, but did not affirmatively state he was an attorney. *Id.* Further, despite the fact that the letter was sent on law firm stationary, the words "counsel" or "lawyer" did not appear in the letter, except in reference to attorneys' fees. *Id.*

Finally, in *Tromba v. MRS Assocs.*, Inc., 323 F. Supp.2d 424, 426 (E.D. N.Y. 2004), a non-lawyer sent a debt collection letter to a consumer from the debt collector's "legal department" referring to himself as a "senior legal associate." *Id.* at 426. The consumer argued that this letter violated Section 1692e(3) because reference to the sender as a "senior legal associate" was inaccurate because he was not licensed to practice law. *Id.* at 428. The debt collector argued in a reply memorandum in support of a motion to dismiss that not even the least sophisticated consumer would interpret a "senior legal associate" as equivalent to an "attorney at law." Although the issue was not properly before the court since the debt collector had failed to raise it in the initial motion to dismiss, the court stated that "it harbors grave doubts as to whether any reasonable trier of fact, even under the least sophisticated consumer standard, could conclude that 'Senior Legal Associate' was equivalent to 'attorney at law' or 'lawyer.'" *Id.*

In this case, even the least sophisticated consumer could not conclude that Unifund falsely implied attorney involvement based upon the language in the Letter. As the court set forth in *Rosenau*, the Letter is clearly from "a debt collector, not legal counsel." Further, the Letter clearly stated that the matter would only be referred to an attorney if Mr. LeBlanc failed to

comply with Unifund's demands within 35 days, which means that the matter had *not* yet been

referred to an attorney. *Rosenau*, 2007 WL 1892888, at *3. Just as the law firm letterhead was

not determinative in *Kistner*, and use of the terms "Esq." and "Associates" in *Rumpler* and its

progeny was not equivalent to a claim of being an attorney,  Unifund's reference to a "Legal

Department" cannot be read as a claim to be an attorney in violation of Section 1692e(3).  The

Letter was clearly sent on company stationary, and it was signed generally by "Unifund" rather

than by an individual claiming to be an attorney.  Like the many courts that have faced the same

argument Mr. LeBlanc now presents , as a matter of law this Court should grant Defendants'

motion for summary judgment on the Section 1692e(3) claim and deny Mr. LeBlanc's motion for

partial summary judgment.

### 3.     As A Matter Of Law, Unifund Did Not Violate Sections 1692e(5) or (10).

A debt collector violates Section 1692e(5) only if a consumer establishes that the debt

collector "threat[ened] to take any action that cannot legally be taken or that is not intended to be

taken," and violates Section 1692e(10) if the consumer establishes the debt collector used "any

false representation or deceptive means to collect or attempt to collect any debt."  Here, Mr.

LeBlanc alleges that Defendants violated Section 1692e(5) by attempting to collect a consumer

debt in the state of Florida without "having registered with the state Office of Financial

Regulation as required by Fla. Stat. § 559.553(1)."  Mr. LeBlanc also alleges for the first time in

his Motion for Summary Judgment that Unifund's failure to register also violates Section

1692e(10) because Defendants ostensibly falsely represented they were authorized to collect

consumer debts.[41]

As set forth below, as a matter of law, Mr. LeBlanc's allegations are insufficient to establish a violation of Section 1692e(5) or Section 1692e(10) for two reasons. First and foremost, the district court for the Middle District of Florida has already rejected an argument almost identical to Mr. LeBlanc's argument in a case previously brought by Mr. LeBlanc's counsel, finding that a debtor cannot "circumvent" Florida's statutory scheme precluding a private right of action for failure to register under Fla. Stat. § 559.553. *See McCorriston v. L.W.T., Inc.*, Case No. 8:07-cv-00160 (M.D. Fla.) (attached hereto as Exhibit E).   In his Memorandum in Support, Mr. LeBlanc has searched far and wide for tangentially relevant legal authority to support his claim, citing to four out-of-state cases that do not so much as mention the statutory scheme of Fla. Stat. § 559.553.   Surprisingly absent from Mr. LeBlanc's "legal authority," however, is any reference to *McCorriston*, a case argued by Mr. LeBlanc's counsel in this Court and decided less than five months ago.

In *McCorriston*, Mr. LeBlanc's counsel brought suit on behalf of a consumer against a debt collector for unlawful debt collection practices in violation of Section 1692e(5) and in violation of the FCCPA. *Id.* at p. 1. The consumer argued that the debt collector was liable under the FCCPA for violating the registration requirements of Fla. Stat. § 559.553 and the notice of suit requirements of Fla. Stat. § 559.715. *Id.* at p. 4. Judge Whittemore granted the debt collector's motion to dismiss the Section 1692e(5) claim because the consumer failed to allege a threat to take legal action, and Judge Whittemore granted the debt collector's motion to

---

[41] Pl.'s Memorandum in Support at pp. 10-11. To the extent that Mr. LeBlanc failed to assert a claim for a violation of 15 U.S.C. § 1692e(10) in his Amended Complaint, he cannot do so now for the first time in his Motion for Summary Judgment. *See e.g., Ntnl Beverage Corp v. Costco Wholesale Corp*, 736 So.2d 142 (Fla. App. 3 Dist., 1999)(court erred by granting Costco's motion for summary judgment on contractual indemnity claim because no claim for such relief was pled by Costco in its third-party complaint).

dismiss the FCCPA claims because the consumer did not have a private right of action for the

failure to register or provide notice of suit. *Id.* at pp. 3-5.[42]  Judge Whittemore stated that the

plaintiff could not "circumvent the statutory scheme" of Fla. Stat. § 559.553 by alleging that the

failure to register constituted "harassing or abusive conduct" prohibited by Fla. Stat. § 559.72,

Florida's statutory provision analogous to Section 1692e of the FDCPA. *Id.* at p. 5.

Other Florida courts have reached the same result as Judge Whittemore. For example, in

*Garcia*, a law firm sent a collection letter to a debtor stating "[i]f I do not hear from you, I will

have to evaluate having your account reviewed by counsel." 2007 WL 2671291, at *1. The

debtor did not dispute that she owed the debt, but nevertheless brought suit against the law firm

for alleged violation of the FCCPA and Section 1692e(5) because the law firm did not register in

Florida as an out-of-state debt collector prior to sending the letter. *Id.* The court dismissed the

case because: (1) the FCCPA does not confer a private right to sue for failure to register; and (2)

the debtor could not state a cause of action under Section 1692e(5) of the FDCPA. *Id.* The court

reasoned that the language in the collection letter was merely informational and advised the

debtor that "consequences may loom" if the debtor failed to pay her debt; accordingly, the debtor

did not state a claim for which relief could be granted. *Id.* at *3; *see also Thibodeau v. Credit

Adjustment Bureau*, No. 8:06-cv-509, 2006 WL 3498159, at * 1-*2 (M.D. Fla.) (where Judge

Lazzara held that a debt collector did not violate Section 1692e(5) or the FCCPA by sending a

collection letter to a consumer without being properly registered in the state of Florida because

---

[42] *See e.g. Trent v. Mortgage Elec. Registration Sys., Inc.*, No. 3:06-cv-374, 2007 WL 2120262, at *6 (M.D. Fla.)
(dismissing a consumer's allegations that a debt collector failed to register as a collection agency in violation of Fla.
Stat. § 559.553 and failed to comply with Fla. Stat. 559.715 because such allegations are not actionable by private
plaintiffs); *Garcia v. Law Offices of Joel Cardis, LLC*, No. 07-60236, 2007 WL 2671291, at *1 (S.D. Fla. Sept, 7,
2007) ("The Florida Act does not specifically authorize a private party to sue an out-of-state debt collector because
the debt collector did not register in Florida before attempting to collect the debt.").

the notice was "merely an informational notice advising and reminding [the debtor] of his debt responsibilities, how to dispute or discharge the debt, and the consequences of impairing his credit rating should he fail to act"); *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 489 F. Supp.2d 1358, 1361-1362 (S.D. Fla. 2007) (holding that the failure to register in violation of Fla. Stat. § 559.553 does not violate Florida's statute prohibiting a debt collector from asserting that a legal right exists when such person knows that the legal right does not exist).

The only relevant legal authority cited by Mr. LeBlanc is *Ferguson v. Credit Management Control, Inc.*, 140 F. Supp.2d 1293 (M.D. Fla. 2001). However, the *Ferguson* case actually supports Defendants' argument, holding that the sending of a non-threatening collection letter without first obtaining the required state license in *not* a *per se* violation of the FDCPA. *Id.* at 1302. In *Ferguson*, the court approvingly cited to *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174 (W.D. N.Y. 1988), which held that a letter advising a debtor "that legal action 'may be necessary to collect the bill'" was "merely advisory" and did not threaten legal action in violation of Section 1692e(5). *Id.* (quoting *Riveria*, 682 F. Supp. at 178). Like the collection letter in *Riveria*, the court found that the collection letter in *Ferguson* was non-threatening and, therefore, granted summary judgment in favor of the debt collector.

Here, just as Judge Whittemore held that Mr. LeBlanc's counsel could not "circumvent the statutory scheme" of Fla. Stat. § 559.553 by alleging that a failure to register violated the FCCPA provision prohibiting "harassing or abusive conduct," Mr. LeBlanc cannot now circumvent the statute by alleging that the failure to properly register violated Sections 1692e(5) and (10), and the analogous sections of the FCCPA. Moreover, even if Mr. LeBlanc could circumvent Florida's statutory scheme (contrary to the case law cited above), even the least

sophisticated consumer could not conclude that Unifund threatened to take action that could not legally be taken. Rather, the language in Unifund's Letter is akin to the language of the collection letters in *Garcia* and *Riveria* (cited with approval in *Ferguson*). Like those collection letters, Unifund's Letter merely advised Mr. LeBlanc that consequences "may" loom because the debt "may" be referred to an attorney. Therefore, the Florida courts have already spoken to Mr. LeBlanc's argument, and his allegations are insufficient to establish a claim for violation of Sections 1692e(5) or (10).

Second, Mr. LeBlanc's allegations are insufficient to establish a violation of Section 1692e(5) or Section 1692e(10) because Fla. Stat. § 559.553 does <u>not</u> require registration prior to commencing consumer debt collection activities. *Conner,* 489 F. Supp.2d at 1361 (noting that Fla. Stat. § 559.553 "does not require registration prior to the commencement of consumer debt collection activities"); *Welch v. Florida West Coast, Inc.*, 816 So.2d 711, 714 (Fla. Ct. App. 2002) (explaining that Fla. Stat. § 559.553 "is not a licensing statute"). Because an entity may legally commence consumer debt collection activities without registering under the Florida Statute, as a matter of law, a debt collector who sends a collection notice without previously registering with the state does <u>not</u> violate Section 1692e(5), for threatening to take action that cannot legally be taken, or Section 1692e(10), for falsely representing they were authorized to collect consumer debts when they ostensibly were not. Accordingly, as a matter of law, this Court should grant Defendants' motion for summary judgment on Mr. LeBlanc's FDCPA claims and deny Mr. LeBlanc's motion for partial summary judgment.

**B.      CCRF And ZB Are Entitled To Summary Judgment On The FDCPA Claims.**

The only basis for which Mr. LeBlanc alleges CCRF and ZB are liable is "by virtue of their being general partners of Unifund."[43]  Because Unifund did not violate the FDCPA, as general partners, CCRF and ZB did not violate the FDCPA.

In addition, regardless of whether Unifund is liable under the FDCPA or FCCPA, as a matter of law, CCRF and ZB are entitled to summary judgment on all of Mr. LeBlanc's FDCPA claims.  In order to prevail on any FDCPA claim, a debtor must prove three elements: "(1) [the debtor] has been the object of collection activity arising from a consumer debt; (2) [the defendant] is a debt collector as defined by the FDCPA; and (3) [the defendant] has engaged in an act or omission prohibited by the FDCPA." *E.g. Kuehn v. The Cadle Co.*, No. 5:04-cv-432, 2007 WL 1064306, at * 3 (M.D. Fla.); *Fuller v. Curry*, 192 F. Supp.3d 1361, 1366 (M.D. Fla. 2002).

Mr. LeBlanc cannot prove any of these elements and, most obviously, cannot establish that CCRF or ZB engaged in an act or omission prohibited by the FDCPA.  It is undisputed that CCRF and ZB do not participate in any way in the collection of debt, nor do they participate in any way in the day-to-day activities of Unifund.[44]  Mr. LeBlanc admits that the Letter does not mention CCRF or ZB, and neither CCRF nor ZB has ever communicated with Mr. LeBlanc in any manner.[45]  Mr. LeBlanc further admits that CCRF and ZB have never threatened to disclose personal or private information, and they have never made any representations to Mr. LeBlanc regarding the character, amount, or legal status of his debt.[46]  Moreover, Mr. LeBlanc admits that neither CCRF nor ZB have ever communicated with him in any way to imply that they were an

---

[43] Pl.'s Memorandum in Support at p. 3.
[44] Shaffer Depo. at pp. 14-15, 55.
[45] LeBlanc Depo. at pp. 54-55.
[46] *Id.* at 55-56.

attorney.[47]   In fact, Mr. LeBlanc admits that CCRF and ZB never took any action whatsoever to collect on his debt.[48]

Although Mr. LeBlanc will undoubtedly argue that CCRF and ZB are "vicariously liable" as general partners of Unifund, vicarious liability only extends to general partners when the general partners are debt collectors or when they are "actually involved in the challenged communication." *See Belin v. Litton Loan Servicing*, No. 8:06-cv-760, 2006 U.S. Dist. LEXIS 47953, at *5 (M.D. Fla.) (stating that for purposes of the motion to dismiss, the court "presumes that [the general partners] were actually involved in the challenged communications, since [the partnership] could only act through its agents or employees."); *Police v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. 2000)(in light of the general partner's role in managing the affairs of the partnership, we see no reason why the general partner should not be responsible for conduct of the partnership which violates the FDCPA).  Because Mr. LeBlanc cannot establish that CCRF or ZB were debt collectors, that they engaged in any act or omission prohibited by the FDCPA, or that they were involved in the sending of the Letter, CCRF and ZB are entitled to summary judgment on all of Mr. LeBlanc's FDCPA claims as a matter of law.

## C.  Defendants Are Entitled To Summary Judgment On The FCCPA Claims.

In Mr. LeBlanc's Memorandum in Support, Mr. LeBlanc alleges that "if the FDCPA was violated, the FCCPA was also violated, as the provisions of the FDCPA are incorporated into Florida law by § 559.52, Florida Statutes."[49]  As set forth above, as a matter of law, Defendants did not violate the FDCPA.  Therefore, Defendants did not violate the FCCPA.  Accordingly, the

---

[47] *Id.* at 56.
[48] *Id.* at 57.
[49] Pl.'s Memorandum in Support at pp. 16-17.

Court should grant Defendants' motion for summary judgment on all of Mr. LeBlanc's claims brought pursuant to the FCCPA and deny Mr. LeBlanc's motion for partial summary judgment.

### V.      Conclusion

For the foregoing reasons, the Court should grant summary judgment in favor of Defendants on all of Mr. LeBlanc's claims, and the Court should deny Mr. LeBlanc's Motion for Partial Summary Judgment in its entirety.

Respectfully submitted,

**DINSMORE & SHOHL, LLP**

Joseph N. Tucker, Esq. (Fla. Bar. No. 938297)
1400 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
502-540-2300 - phone
502-585-2207 - fax
joseph.tucker@dinslaw.com
*Counsel for Unifund CCR Partners,*
*Credit Card Receivables Fund, Inc. and*
*ZB Limited Partners*

### CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Defendants' Motion and Memorandum for Summary Judgment and Memorandum in Opposition to Mr. LeBlanc's Motion for Partial Summary Judgment was served via Electronic Filing this 25th day of October, 2007, to Timothy Condon, Esq., Post Office Box 1007, Tampa, Florida 33601, and Frederick W. Vollrath, Esq., Post Office Box 18942, Tampa, Florida 33601, *Counsel for Plaintiff.*

*Counsel for Defendants*

32276-90/126342.2